1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JESSE ALCALA, et al.,                CASE NO:  2:19-cv-00969-KJM-CKD (PS)

12              Plaintiffs,

13       v.

14    THERESA MURPHY, et al.,       ORDER

15             Defendants.

16

17       Before the court are two motions.  Plaintiffs' first motion requests counsel be appointed to

18 represent them in this civil matter.  (ECF No. 10.)

19       Any successful application for appointment of counsel must comply with criteria set forth

20 in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981).  Before

21 appointing counsel to plaintiff, the court must consider (1) plaintiff's financial resources, (2) the

22 efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the

23 merits.  Id. at 1318.  Appointment of counsel is not a matter of right.  See Ivey v. Bd. of Regents,

24 673 F. 2d 266, 269 (9th Cir. 1982).

25       Because plaintiffs are proceeding *in forma pauperis*, the first factor, which relates to their

26 financial condition, is *a fortiori* resolved in their favor.  As to the second factor, plaintiffs do not

27 provide the efforts they made to obtain counsel, if any.  As to the third factor, after reviewing the

28

parties' complaint, the court determines appointment of counsel is not warranted in this matter. For these reasons, the court will deny plaintiffs' motion without prejudice to renewing the request.[1]

Plaintiffs' next motion seeks an "emergency injunction" to prevent Sutter County Department of Human Services from allowing plaintiffs' child to be adopted. Plaintiffs' motion is more appropriately classified as a request for a temporary restraining order, as plaintiffs are attempting to restrain defendants prior to them being served and without notice. See People of State of Cal. ex rel. Van De Kamp v. Tahoe Reg'l Planning Agency, 766 F.2d 1319, 1322 (9th Cir.), amended, 775 F.2d 998 (9th Cir. 1985) ("[T]he court may not issue a preliminary injunction without notice and an opportunity to be heard for an adverse party.").

Plaintiffs' motion is procedurally deficient. Local Rule 231(c) provides that a motion for a temporary restraining order must include, *inter alia*, a proposed order with a provision for bond; an affidavit detailing the notice or efforts to effect notice to the affected parties or good cause as to why notice should not be given; and a proposed order with blanks for fixing the time and date for hearing the motion. Plaintiffs did not provide this required documentation. Therefore, the court denies this motion.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion to have counsel appointed (ECF No. 10) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiffs' motion for a temporary restraining order (ECF No. 11) is denied without prejudice.

Dated: September 17, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.Alcala.969.appoint & TRO

---

[1] Plaintiffs' motion for appointment of counsel was on the Ninth Circuit's Form 24 for appointment of appellate counsel. However, that form does not instruct parties to address the factors enumerated above.