UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE ALCALA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THERESA MURPHY, et al.,<br><br>Defendants. | CASE NO: 2:19-cv-00969-KJM-CKD<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 14) |

Presently before the court is plaintiffs' "emergency motion for a preliminary injunction" that seeks to "stop future proceedings and hearings" in Sutter County. (ECF No. 14.) Through their motion plaintiffs are attempting to prevent their child from being adopted. The court held a hearing on plaintiffs' motion on November 27, 2019. Plaintiffs, proceeding *pro se*, appeared at the hearing. It appears that defendants have not yet been properly served, but in any event no one on defendants' behalf appeared at the hearing.

BACKGROUND

Plaintiffs allege that defendants violated their rights under the Fourth and Fourteenth Amendments when they removed plaintiffs' child without a warrant and conducted a blood draw without consent. (ECF No. 12 at 4-6.) In their second amended complaint, plaintiffs name three

1

Butte County social and DHS workers and one Sutter County social worker. (Id. at 2-3.) The complaint also appears to name Butte and Sutter County Social Services. (Id. at 1.)

Plaintiffs have now filed three requests for injunctions. (ECF Nos. 8, 11, 14.) The present injunction seeks to stay state-court proceedings regarding the adoption of plaintiffs' child. (ECF No. 14.)

The court held a hearing on plaintiffs' motion for an emergency injunction on October 16, 2019, but plaintiffs failed to attend. (ECF No. 15.) The court issued Findings and Recommendations on October 18, 2019. (ECF No. 16.) Due to plaintiffs' objections that they had not received notice of the October hearing date, the court withdrew the Findings and Recommendations and set another hearing for November 27, 2019. (ECF Nos. 17, 18.)

DISCUSSION

A federal district court does not have jurisdiction to review errors in state court decisions in civil cases. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive defense improper under Rooker-Feldman). That the federal district court action alleges the state court's action was unconstitutional does not change the rule. Feldman, 460 U.S. at 486. If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them. Id. "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring). In sum, the Rooker-Feldman doctrine applies "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based

on that decision." Noel v. Hall, 341 F.3d 1148, 1163–64 (9th Cir. 2003). However, plaintiffs can state section 1983 claims against state officers, such as social workers involved in family-court proceedings, which do not directly attack the state court judgment. See Hardwick v. Cty. of Orange, 844 F.3d 1112, 1116 (9th Cir. 2017) (allowing a section 1983 action to proceed against social workers for allegedly providing perjured testimony in a dependency proceeding that resulted in a mother losing custody).

Splicing plaintiffs' complaint and injunction request plaintiffs appear to allege three wrongful acts: (1) false arrest; (2) separation of child; (3) and illegal blood draw(s). However, the injunction specifically only addresses the separation, and clearly is seeking to have the federal courts intervene in the state-court proceeding that is adjudicating custody of plaintiffs' child. The injunction request, therefore, amounts to an attempt to litigate in federal court matters that are inextricably intertwined with a state-court decision. Accordingly, the court does not have jurisdiction to grant plaintiffs the relief in their injunction request, as granting plaintiffs' request would be tantamount to "review[ing] errors in state court decisions in civil cases." Feldman, 460 U.S. at 476.[1]

////

////

---

[1] Federal courts are also hesitant to address domestic relations matters. The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988); see also Tree Top v. Smith, 577 F.2d 519 (9th Cir. 1978) (declining to exercise jurisdiction over habeas petition seeking custody of child who had been adopted by others). In this circuit, federal courts refuse jurisdiction if the primary issue concerns child custody issues or the status of parent and child or husband and wife. See Coats v. Woods, 819 F.2d 236 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982).

In Coats, plaintiff, invoking 42 U.S.C. § 1983, alleged that her ex-husband and others involved in state court proceedings had wrongfully deprived her of custody of her children. Defendants included the former husband and his current wife, their attorney, the court-appointed attorney for the children, a court-appointed psychologist, two court commissioners, two superior court judges, the county, the police department, and an organization called United Fathers. Plaintiff specifically alleged that defendants deprived her of child custody, thereby depriving her of a liberty interest, in violation of 42 U.S.C. §§ 1983, 1985(2), and 1985(3). Because the action at its core implicated domestic relations issues, the Ninth Circuit affirmed the district court's decision to abstain from exercising jurisdiction. Like Coats, this case is at its core a child custody dispute.

3

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiffs' motion for a TRO (ECF No. 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 27, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.Alcala.969.TRO