UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE ALCALA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THERESA MURPHY, et al.,<br><br>Defendants. | CASE NO: 2:19-cv-00969-KJM-CKD PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 31, 32, 40, 44) |

Presently before the court are defendants' two motions to dismiss.[1] (ECF Nos, 31, 32.) Plaintiffs[2] have filed oppositions and a request to amend their complaint, and defendants have filed replies. (ECF Nos. 37, 39, 40, 42, 43, 44.) For the reasons set forth below, the court recommends granting defendants' motions and dismissing plaintiffs' complaint without leave to amend.

BACKGROUND

Plaintiffs' second amended complaint alleges that defendants violated the Fourth and Fourteenth Amendments when they removed plaintiffs' child from plaintiffs' custody and failed to provide plaintiffs' child with adequate services. (ECF No. 12 at 4-6.) Following the removal,

---

[1] Defendants Brenda Ceballos and Sutter County filed the first motion to dismiss (ECF No. 31) and defendants Butte County, Theresa Murphy, Theresa Hendrix, and Karen Ely subsequently moved to dismiss. (ECF No. 32.)

[2] Plaintiffs are Jesse Alcala and Wendy Milano.

1

plaintiffs' child was allegedly transferred from Butte County to Sutter County.  (Id. at 5.)  The factual assertions contained in the complaint are that Sutter County did not "provide proper services" (id.); plaintiffs' "child was detained by Butte County" (id. at 6); "unlawful blood draw and illegal[] entry of premises" (id.); "father Jesse Alcala [was] arrested for false domestic violence and cruelty to a minor charge" (id.); "neighbors lied [and] made false statements" (id.); and that plaintiffs' child "has suffered emotional [and] physical . . . harm," (id.)  The operative complaint does not make any specific allegation against the individuals named as defendants in this matter, nor are these individual defendants mentioned in the complaint beyond being named the caption.  (See ECF No. 12.)

Prior to defendants being served in this case the court denied plaintiffs' request for an injunction which sought to block state-court proceedings that were determining the custody of plaintiffs' child.  (ECF Nos. 20, 22.)  Defendants have subsequently entered this matter and filed the motions to dismiss presently before the court.  (ECF Nos. 31, 32.)

LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of proving that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

////

DISCUSSION

    Defendants' Motions to Dismiss

It is well settled that federal courts should abstain from adjudicating domestic relations cases, including those involving the custody of children. Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir.1983) (per curiam). Even if the case raises constitutional issues, abstention is proper if the case, at its core, is a child custody dispute. Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987). In this circuit, federal courts refuse jurisdiction if the primary matter concerns child custody issues or the status of parent and child or husband and wife. See id.; Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982). "The strong state interest in domestic relations matters, [and] the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states . . . makes federal abstention in these cases appropriate." Peterson, 708 F.2d at 466. "[T]he whole subject of domestic relations and particularly child custody problems is generally considered a state law matter." Id.

As an initial matter, plaintiffs assert that the court has both diversity and subject matter jurisdiction over their claims. (ECF No. 12.) However, plaintiffs' complaint alleges that defendants and plaintiffs are all citizens of California, therefore defeating diversity. See 28 U.S.C. 1332. Accordingly, the question before the court is whether this court has federal-question jurisdiction.

Here, plaintiffs are requesting that a federal court rule on the issues of care, custody, and control of plaintiffs' child—subjects traditionally left to the states. See Peterson, 708 F.2d at 466. Similar to Coats, plaintiffs' complaint—liberally construed—alleges tort claims against county officials involved in determining the custody of plaintiffs' child. See Coats, 819 F.2d at 237   To that end, the only substantive factual allegations contained in the complaint appear to be that plaintiffs' child was detained, transferred, and provided with inadequate care. And here, as in Coats, even if the court does not read the complaint as seeking direct adjudication of plaintiffs' parental rights, the case nonetheless is "at its core a child custody dispute," and therefore not properly brought before this court. Id. Additionally, to the extent plaintiffs are asserting

3

constitution deprivations, they can litigate any constitutional issue before the state court. Accordingly, the court finds that abstention is appropriate in this matter.

In plaintiffs' opposition to the present motions to dismiss, they for the first time assert that defendants should also be held liable due to medical malpractice. (See ECF No. 37 at 3.) However, federal courts do not have federal-question jurisdiction over medical malpractice claims, which are state-law claims. See James v. Sunrise Hosp., 86 F.3d 885, 886 (9th Cir.1996) ("Medical Malpractice is a state law tort."). Additionally, even if plaintiffs asserted that defendants were acting under color of state law—which their complaint fails to do—after filing three complaints plaintiffs have failed to put forth any allegations that rise to the level of medical malpractice, let alone deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051, 1057–58, 1060 (9th Cir.2004) (noting that deliberate indifference is a high legal standard; medical malpractice, negligence, a difference of medical opinion, or a difference of opinion with the physician regarding the course of treatment are not sufficient).

Because plaintiffs' complaint is at its core a child custody dispute, the undersigned recommends that the action be dismissed.

Leave to Amend.

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

As outlined above, the court does not have jurisdiction to hear plaintiffs' complaint. Additionally, plaintiffs' claim of medical malpractice, contained in their opposition, does not cure

4

this deficiency.  As plaintiffs have already filed three complaints in this matter and have failed to sufficiently plead the basis of jurisdiction, the undersigned finds that any additional leave to file an amended complaint would be futile.  Accordingly, the undersigned recommends denying plaintiffs' request for amendment and dismissing this action without leave to amend.

CONCLUSION

For the reasons set forth above, it is HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss be GRANTED (ECF Nos. 31, 32);
2. Plaintiffs' motion to amend their complaint be DENIED (ECF Nos. 40, 44);
3. The action be DISMISSED without leave to amend; and
4. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations.  With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 28, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.Alcala.969.F&R

5